[Cite as *State v. Kusmisz*, 2018-Ohio-1793.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17-COA-033 |
| | : | |
| DANIEL KUSMISZ, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of Common Pleas, Case No. 17-CRI-040

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      May 3, 2018

APPEARANCES:

For Plaintiff-Appellee:

CHRISTOPHER R. TUNNELL
ASHLAND CO. PROSECUTOR
VICTOR R. PEREZ
110 Cottage St.
Ashland, OH 44805

For Defendant-Appellant:

BRIAN A. SMITH
755 White Pond Dr., Ste. 403
Akron, OH 44320

*Delaney, J.*

{¶1} Appellant Daniel Kusmisz, Jr. appeals from the August 15, 2017 Judgment Entry-Sentencing of the Ashland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts are adduced in part from the pre-sentence investigation (P.S.I.) prepared upon order of the trial court and filed under seal for our review.

{¶3} Appellant is 58 years old and confined to a wheelchair due to physical disabilities. Appellant has an adult criminal record dating to 1986 which includes felony convictions and prison terms, most recently in 2013, for convictions including aggravated drug trafficking.

{¶4} In the instant case, appellant admittedly paid a woman to come to his house, undress, and wash his dishes. T.6. In exchange for allowing him to watch her wash dishes unclothed, appellant "shared his medication" with her, the medication being a fentanyl patch. The woman overdosed and appellant called 911.

{¶5} Subsequent investigation led to appellant's charges in the instant case: Count I, aggravated drug trafficking (fentanyl) pursuant to R.C. 2925.03(A)(1), a felony of the third degree, and Count II, tampering with evidence pursuant to R.C. 2921.12(A)(1), also a felony of the third degree.

{¶6} Appellant agreed to enter a plea of guilty to Count I in exchange for appellee dismissing Count II. The trial court ordered preparation of the P.S.I. and appellant returned for sentencing on August 14, 2017. On the record at the sentencing hearing, the trial court noted appellant's criminal history; the organized criminal activity involved in

the exchange between appellant and the woman; and appellant's lack of remorse. The trial court observed that appellant's most recent prison term in 2013 was imposed for drug trafficking offenses.

{¶7} The trial court sentenced appellant to a prison term of 24 months. Appellant now appeals from the trial court's judgment entry of sentence dated August 15, 2017.

{¶8} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶9} "THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD."

## ANALYSIS

{¶10} In his sole assignment of error, appellant argues his sentence of 24 months is not supported by the record. We disagree.

{¶11} R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See, State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

{¶12} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)–(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and

purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Hall*, 5th Dist. Richland No. 15CA112, 2017–Ohio–592, ¶ 9, citing *State v. Ahlers*, 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, and *State v. Moore*, 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

{¶13} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶14} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶15} Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously

imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

{¶16} At the sentencing hearing in the instant case, appellant admitted he has been to prison for drug trafficking offenses in the past but insinuated his numerous contacts with law enforcement have been the fault of others, not himself. Even in this case, he claimed, "they" sent a woman to his house for naked dishwashing and he has to share medication for companionship. The trial court noted, though, that appellant essentially engaged in organized criminal activity and the aggravated drug trafficking was facilitated by his relationship with the victim. The trial court opined appellant demonstrated no remorse.

{¶17} The sentence of 24 months is within the middle of the range provided for felonies of the third degree. R.C. 2929.14(A)(3)(b). We find the trial court properly considered the statutory factors and complied with all applicable rules and laws. We further find the sentence is not clearly and convincingly contrary to law, and the trial court did not err in sentencing appellant.

{¶18} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶19} Appellant's sole assignment of error is overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.